# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAIZON A. BANKS,

        Petitioner,

v.

THE STATE OF WISCONSIN,

        Respondent.

Case No. 20-CV-1681-JPS

**ORDER**

      Petitioner Daizon A. Banks ("Banks") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of his constitutional rights. ECF No. 1. The Court will screen Banks's petition under Rule 4 of the Rules Governing Section 2254 Proceedings. That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." The Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

      In July 2018, Banks pled guilty to one count of violating a court order in violation of Wis. Stat. § 941.39(1) and one count of recklessly endangering safety in violation of Wis. Stat. § 941.30(1). *See State of Wisconsin v. Banks*, Kenosha Cnty. Case No. 2017CF792, *available at* https://wcca.wicourts.gov.

These charges included various modifiers for domestic violence, use of a dangerous weapon, and being a repeat offender. *Id.* The state court dismissed a third charge involving domestic battery but read it in at sentencing. On October 12, 2018, Banks received a sentence of twelve-and-a-half years' imprisonment, followed by eight years of extended supervision.[1]

The state court entered an amended judgment of conviction on February 15, 2019. Banks did not file any post-conviction motions or appeals of this sentence. However, the state court docket indicates that, on February 24, 2020, Banks filed a motion to reinstate his appeal rights under Wisconsin Statutes section 809.30, which was denied on March 3, 2020. Indeed, Banks's habeas petition explains that his attorney never informed him that he had a right to appeal and an obligation to file a notice of intent to pursue postconviction relief within twenty days of the date of sentencing. ECF No. 1 at 4; Wis. Stat. § 809(2)(b).

As part of its Rule 4 review, the Court first considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the time for seeking direct review under Wisconsin state law expired twenty days after the sentencing hearing, or on November 1, 2018. *See* Wis. Stat. § 809(2)(b) ("Within 20 days after the date of sentencing or

---

[1] Banks's petition reflects a twelve-year sentence, ECF No. 1 at 2; however, the state court's docket indicates that the carceral sentences were seven years, six months for the first count, and two years for the second, to run consecutively for a total term of nine-and-a-half years' imprisonment. *State of Wisconsin v. Banks*, Kenosha Cnty. Case No. 2017CF792, *available at* https://wcca.wicourts.gov.

Page 2 of 6
Case 2:20-cv-01681-JPS   Filed 03/30/22   Page 2 of 6   Document 4

final adjudication, the person shall file in circuit court and serve on the prosecutor and any other party a notice of intent to pursue postconviction or postdisposition relief."). Under this rule, Banks had until November 1, 2019 to file a habeas petition. If the Court assumes that the amended judgment, issued on February 15, 2019, serves as the final judgment under section 809(2)(b), then Banks would have had until March 7, 2020 (one year and twenty days) to file his petition. *See Springer v. Benik*, 134 F. App'x 961, 962 (7th Cir. 2005). But Banks filed this petition on November 6, 2020—nearly eight months after the latest expiration date for the one-year statute of limitations. Thus, unless equitable tolling applies, this case is barred by the statute of limitations.

The statute of limitations may be equitably tolled if the petitioner shows that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations and quotations omitted). "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence." *Id.* at 653. Additionally, for an attorney's failings to be extraordinary, they must go beyond "garden variety" errors or "excusable neglect." *Id.* at 652 (finding extraordinary negligence plausible where an attorney failed to file a habeas petition, or otherwise communicate with his client, despite receiving letters from his client that identified the applicable legal rules, specifically requested information relevant to the timeline of his case, and repeatedly stressed the importance of filing such a petition).

Banks's petition explains that his attorney failed to inform him that he had the right to an appeal, and that there was a 20-day period following sentencing in which he needed to file any postconviction motions. The

Court does not have enough information to know whether this went beyond excusable neglect, nor is it clear that Banks pursued his rights with reasonable diligence. On this basis alone, the Court is constrained to deny the petition. If Banks chooses to file another petition, he must explain the efforts he made to contact his attorney or to otherwise obtain information about the post-conviction process.

The Court also notes that it cannot address Bank's habeas claim "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Banks has not exhausted his state court claims, which, in this case, appear to have required an appeal of the denial of the motion to reinstate his appeal rights on the grounds of his counsel's ineffective assistance. This, too, is grounds for the petition's dismissal. The Court cannot consider Banks's claims until the highest state court has had the opportunity to review them.

Finally, the Court also notes that the relief that Banks seeks— resentencing before a different judge with an attorney who has spent longer

than one day with him—does not appear to be available on habeas review. "An error in the . . . application of state sentencing rules, does not present a cognizable claim for federal habeas relief." *Dellinger v. Bowen*, 301 F.3d 758, 765 (7th Cir. 2002). Absent some allegations that his attorney's ineffective assistance resulted in his detention in violation of the Constitution or laws of the United States, this claim is not viable. 28 U.S.C. § 2254.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Banks must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). As the Court discussed above, no reasonable jurists could debate whether the petition has been timely filed. The Court must, therefore, deny Banks a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Daizon A. Banks's petition for a writ of habeas corpus be and the same is hereby **DENIED without prejudice;**

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this matter be and the same is hereby **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.